**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

JAMES DUNN                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 5:12CV-P192-R

KENTUCKY DEPARTMENT OF CORRECTIONS *et al.*                              DEFENDANTS

**MEMORANDUM AND SCHEDULING ORDER**

This matter is before the Court for initial review of Plaintiff James Dunn's *pro se*

complaint under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review a complaint

brought by a prisoner seeking redress from governmental entities, officers, and/or employees and

dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

In his complaint, Plaintiff seeks relief under 42 U.S.C. § 1983 for a violation of his First

Amendment rights; under 42 U.S.C. § 1985; and under the Religious Land Use and

Institutionalized Persons Act (RLUIPA).  He sues the following Defendants for monetary,

injunctive, and declaratory relief:  Kentucky Department of Corrections (KDOC); LaDonna

Thompson, KDOC Commissioner; Randy White, Kentucky State Penitentiary (KSP) Warden;

Lt. Raymond Vinson, KSP Mailroom Supervisor; and Skyla Grief, KSP Program Director.

Plaintiff claims that Defendants are denying him the free exercise of the Odinist/Asatru religion

by denying him a Thor's Hammer medallion appropriate for his sect of Odinism and for denying

him a personal set of runestones which "are fundamentally essential for [his] religious exercise."

Upon initial review, the Court will direct service of the complaint on Defendants.

**IT IS THEREFORE ORDERED** as follows:

(1)      **The Clerk of Court shall forward by certified mail, return receipt requested, one copy of the complaint (DN 1) and this Scheduling Order to the Justice & Public Safety Cabinet, Office of Legal Counsel, Frankfort, Kentucky.**  General Counsel shall have **30 days** after receipt by certified mail of the complaint and this Scheduling Order to complete and return a notice of waiver of service for Defendants.

(2)      **Should counsel for the Justice & Public Safety Cabinet not represent any Defendant, the Court requests General Counsel to provide a forwarding or last known address for that Defendant so that it may ensure service.**  If the address is not public record, counsel shall file it **under seal**.

(3)      **The Clerk of Court is DIRECTED to prepare and issue summons** at the address provided by the Justice & Public Safety Cabinet for any Defendant for whom a waiver is not returned, and **the United States Marshal shall serve a copy of the complaint (DN 1) and summons on that Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.**

(4)      Should Plaintiff receive notice that a summons is returned to the Court unexecuted, **Plaintiff is WARNED that he must take steps to remedy the defect in service** by providing additional information to the Court.  **Failure to do so within 120 days of entry of this Order may result in dismissal of the Defendant at issue.**  *See* Fed. R. Civ. P. 4(m).

(5)      The answer to the complaint shall be filed no later than **60 days** after waiver of service.  However, if service is required, the answer shall be filed no later than **21 days** after

service of summons.  Insofar as is practicable, the answer is to restate in separate paragraphs the allegations of the complaint, followed by Defendants' answer.

(6)     The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties.  Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

(7)     The parties shall complete all pretrial discovery herein no later than **October 23, 2013.**  As a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records or documentation which are relevant to the claim(s) set forth in this complaint that have survived initial review.  **Counsel shall certify that the production is complete and shall file the certification with the Court**.  Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his remaining claims.  **Plaintiff shall certify that production is complete and shall file the certification with the Court**.  A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d).  *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing:  depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

(8)     This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and

36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[1]

(9)     No later than **November 22, 2013**, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against each Defendant.

(10)    No later than **December 23, 2013**, Defendants shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motions, including a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

(11)    Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion.  All dispositive motions shall be filed no later than **December 23, 2013**.

(12)    If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires.  Any such motion to extend any time should indicate the reasons for extension.  The Court will not grant an extension unless good cause is shown.

(13)    Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendants' counsel. *See* L.R. 5.2(d).

---

[1]The Court notes, however, that this action is exempt from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26.  *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision."); Fed. R. Civ. P. 26(f) (parties must confer "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)").

(14)    Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

(15)    The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the ***Pro Se Prisoner Handbook***.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005